IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LOUIS OVERTON,

    Plaintiff,                    No. CIV S-10-2955 MCE DAD P

    vs.

ASSOC. WARDEN BUSINESS
SERVICE, et al.,

    Defendants.             ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  The Civil Rights Act under which this action was filed provides as follows:

18  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
19  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
20  law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
26  /////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's amended complaint is difficult to decipher. However, plaintiff appears to be attempting to allege that the defendants' decision to place him in administrative segregation was improper and that the defendants' failure to re-issue him his property after he was released from administrative segregation violated his right to due process. (Am. Compl. Attach.)

**DISCUSSION**

As with plaintiff's original complaint, the allegations in his amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. Nonetheless, in the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must first specify who the defendants are in this action. In the caption of his amended complaint, plaintiff lists "Assets of: Michael Louis Overton" as the defendant. In the space of the form complaint where defendants are to be listed, plaintiff lists "Warden-Assoc." In determining who to name as the defendant(s) in this action, plaintiff should consider who he believes has violated his constitutional rights and name only those individuals as the defendant or one of the defendants in his action.

In addition, in any second amended complaint plaintiff elects to file, he must allege in specific terms how each named defendant was involved in the alleged deprivation of his rights. As the court previously advised plaintiff, however, he will not be able to proceed on a due process claim in connection with his placement in administrative segregation. Here, it appears that prison officials found plaintiff guilty of "over familiarity with staff," and in addition to placing him in administrative segregation, assessed him thirty days loss of time credits. Plaintiff's success on a due process claim in this action in connection with that disciplinary conviction would necessarily call into question the validity of his prison disciplinary proceeding and implicate the duration of his confinement. Accordingly, with respect to that disciplinary conviction a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal,

4

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Insofar as plaintiff wishes to proceed on a claim in connection with his alleged loss of personal property, the court advises him once more that he will need to clarify in any second amended complaint who he believes is responsible for losing his property. He will also need to allege facts explaining whether the alleged confiscation of his property was authorized or unauthorized. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for the court to order service of his amended complaint on defendants. As an initial matter, plaintiff is advised that his motion is unnecessary. If the court determines that a complaint states a cognizable claim for relief, it will order service of the complaint on the defendants. In this case, for the reasons discussed above,

plaintiff's amended complaint fails to state a cognizable claim for relief. Accordingly, service on any defendant is not appropriate at this time, and the court will deny plaintiff's motion.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 14) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. Plaintiff's motion to order service of his complaint (Doc. No. 15) is denied.

DATED: October 3, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
over2955.14am