1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL LOUIS OVERTON,

11          Plaintiff,                    No. CIV S-10-2955 MCE DAD P

12      vs.

13  ASSOC. WARDEN BUSINESS
    SERVICE, et al.,
14
            Defendants.            FINDINGS AND RECOMMENDATIONS
15  _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17  filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended

18  complaint.

19                     **SCREENING REQUIREMENT**

20          The court is required to screen complaints brought by prisoners seeking relief

21  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25  U.S.C. § 1915A(b)(1) & (2).

26  /////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the

5  actions of their employees under a theory of respondeat superior and, therefore, when a named

6  defendant holds a supervisorial position, the causal link between him and the claimed

7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

9  allegations concerning the involvement of official personnel in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

12  　　　　In his second amended complaint, plaintiff identifies the Associate Warden, the

13  Classification Committee, Second Watch Officers, and C.S.R. Member Marks as the defendants

14  in this action.  As in his original and first amended complaints, plaintiff complains that prison

15  officials accused and convicted him of over-familiarization with staff and placed him in

16  administrative segregation.  According to plaintiff, prison officials did not allow him to call

17  witnesses in his defense and held his classification hearing in an untimely manner.  While in

18  administrative segregation, plaintiff alleges that he lost all of his property except for certain

19  books and papers.  Plaintiff claims that prison officials have violated his right to due process and

20  are responsible for replacing his lost property.  (Sec. Am. Compl. 1-6.)

**DISCUSSION**

22  　　　　The court will recommend that plaintiff's second amended complaint be

23  dismissed for failure to state a claim.  See 28 U.S.C. 1915(e)(2)(B)(ii) ("the court shall dismiss

24  the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim

25  on which relief may be granted"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords

26  judges the authority to dismiss those claims whose factual contentions are clearly baseless, such

3

as those "describing fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912

F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any

proposed amendment would be futile.").

As an initial matter, to the extent plaintiff has attempted to allege a due process

claim in connection with the procedures the defendants used during his initial placement in

administrative segregation, he is advised that when prison officials determine that they need to

segregate a prisoner for administrative reasons, due process requires the following minimal

procedures:

> Prison officials must hold an informal nonadversary hearing within
> a reasonable time after the prisoner is segregated.  The prison
> officials must inform the prisoner of the charges against the
> prisoner or their reasons for considering segregation.  Prison
> officials must allow the prisoner to present his views.
>
> We specifically find that the due process clause does not
> require detailed written notice of charges, representation by
> counsel or counsel-substitute, an opportunity to present witnesses,
> or a written decision describing the reasons for placing the prisoner
> in administrative segregation.  We also find that due process does
> not require disclosure of the identity of any person providing
> information leading to the placement of a prisoner in
> administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated on other grounds by

Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Plaintiff has alleged no facts demonstrating a

lack of appropriate notice and opportunity to present his views.

Moreover, as the court previously advised plaintiff, he is not allowed to proceed

on a due process claim in connection with his prison rules disciplinary conviction and placement

in administrative segregation.  Here, prison officials found plaintiff guilty of "over familiarity

with staff," and in addition to placing him in administrative segregation, assessed him thirty days

loss of time credits.  Plaintiff's success on a due process claim in this civil rights action in

connection with that prison disciplinary conviction would necessarily call into question the

validity of his prison disciplinary proceeding and implicate the duration of his confinement.

1   Accordingly, with respect to plaintiff's prison disciplinary conviction a writ of habeas corpus is

2   his sole remedy in federal court which may be pursued only after exhausting all of his

3   constitutional claims in state court.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a

4   state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought

5   (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

6   conviction or internal prison proceedings) - if success in that action would necessarily

7   demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v.

8   Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983

9   for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose

10   unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or

11   other basis for confinement has been reversed on direct appeal, expunged by executive order,

12   declared invalid by a state tribunal authorized to make such a determination, or called into

13   question by a federal court's issuance of a writ of habeas corpus).

14            Finally, the court has previously informed plaintiff that he cannot proceed on a

15   due process claim in connection with his loss of personal property unless he identified who he

16   believed was responsible for losing his property and alleged facts explaining whether the

17   purported confiscation of his property was authorized or unauthorized.  Once more, in his second

18   amended plaintiff has failed on both accounts.  It is well established that "an unauthorized

19   intentional deprivation of property by a state employee does not constitute a violation of the

20   procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

21   meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517,

22   533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only

23   authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

24   An authorized deprivation is one carried out pursuant to established state procedures, regulations

25   or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).  In his second amended

26   /////

1   complaint, plaintiff has not alleged any facts suggesting that the taking of his property was

2   authorized.  Therefore, he has not stated a cognizable claim in this regard.

3                                    **CONCLUSION**

4                Accordingly, IT IS HEREBY RECOMMENDED that:

5                1.  This action be dismissed for failure to state a claim on which relief may be

6   granted; and

7                2.  This action be closed.

8                These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10  after being served with these findings and recommendations, plaintiff may file written objections

11  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

12  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

13  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

14  (9th Cir. 1991).

15  DATED: July 16, 2012.

16

17  _____

18  DAD:9                                DALE A. DROZD
    over2955.56                          UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

                                            6